RICHARD L. JONES, Retired Justice.
The plaintiff, Danny Kelley, by petition for a writ of mandamus, sought an order from the circuit court directing the defendants, the mayor and city council of the City of Columbiana (“the City”), to declare Kelley the winner in a runoff election for the District 2 seat on the Columbiana City Council. The City appeals from a judgment in Kelley’s favor. We affirm.
The parties submitted the following stipulation to this Court:
“[Daniel Kelley] qualified for and sought election to District 2 of the council of the City of Columbiana. In the first election the results were as follows:
“CITY COUNCIL DISTRICT NO. 2
David H. Dorough 21 21.43%
Larry (Jim) Doss 22 22.44%
Danny Kelley 21 21.42%
Larry Petterson 20 20.40%
Wales W. Williams 14 14.28%
“[The City] duly scheduled a runoff election between [Danny Kelley], David H. Dorough, and Larry (Jim) Doss, and it was held on September 15, 1992.
“The results of the runoff were as follows:
“CITY COUNCIL DISTRICT NO. 2
David H. Dorough 24 31.16%
Larry (Jim) Doss 24 31.16%
Danny Kelley 29 37.66%
“The City Council in their official canvass resolution made the following finding:
“ ‘That no candidate received a majority of the votes cast for the office of District 2, and that Danny Kelley received the most and David H. Dorough and Larry Doss received a tie for the second most votes cast for that office; therefore, a runoff election between said candidates is hereby ordered to be held on October 6, 1992.’
“That [Danny Kelley] made demand of the municipal governing body to declare him duly elected on the ground that he had received the highest number of votes for that office in accordance with Ala. Code 1975, § ll-46-55(d), which the said governing body refused to do. Larry (Jim) Doss subsequently withdrew as a candidate.
“The issue for this Court to determine, by agreement of the parties, is whether the governing body of the City of Colum-biana erred in calling a second runoff election rather than declaring [Danny Kelley] duly elected.”
The statute in issue, Ala.Code 1975, § 11-46-55, provides, in pertinent part:
“(d) If no candidate receives a majority of all the votes cast in such election for any one office or offices for the election to which there were more than two candidates, then the municipal governing body shall order a second or ‘runoff’ election to be held on the third Tuesday next thereafter following said regular election, at which election the two candidates having received the most and the second most votes, respectively, shall be candidates, and the person receiving the highest number of votes for that office in the runoff election shall be declared elected. If only two candidates are standing for election for any one office or offices and neither candidate receives a majority, then the municipal governing body shall order a second or ‘runoff’ election to be held on the third Tuesday next thereafter following said regular election, at which election the said two candidates shall be candidates, and the person receiving the highest number of *458 votes for that office in the runoff election shall be declared elected. If there should be a tie vote cast at any such runoff election, then in such event the tie shall be decided by the municipal governing body.”
Based on the same evidence that is now before this Court, the circuit court issued an order directing the City to declare Kelley the winner of the runoff election for the District 2 seat on the Columbiana City Council. The City appeals.
We agree with the circuit court that “there appears to be some uncertainty in the exact meaning” of § 11 — 46—55(d) as it relates to determining the winner of a runoff election. This “uncertainty” consists in the apparent failure of the statute to contemplate a three-way runoff election. However, as the circuit court further observed, subsection (d) contains no requirement that the winner of a runoff election be elected by a majority of the votes cast in the runoff.
The language of § ll-46-55(a), (b), and (c) clearly requires that a candidate or proposition receive “a majority of the votes cast” in order to be declared the winner of an election. However, the provisions of § ll-46-55(d) are equally clear that if a runoff election is required, “the person receiving the highest number of votes for that office in the runoff election shall be declared elected.” (Emphasis supplied.) To construe the statute otherwise would require the Court to ignore the legislative distinction between “majority of the votes,” as that term relates to determining the winner of an “election,” and “the highest number of votes,” as that term relates to determining the winner of a “runoff election.”
Our review of the issue here presented has been guided by the standard for interpreting legislative intent, as stated in State v. Helburn, 269 Ala. 164, 111 So.2d 912 (1959). See, also, Bowlin Horn v. Citizens Hospital, 425 So.2d 1065 (Ala.1982).
Because we hold that the circuit court correctly construed the provisions of the applicable election statute and, accordingly, ordered the City to declare Kelley the winner, we affirm the judgment.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975, and his opinion is hereby adopted as that of the Court.
AFFIRMED.
ALMON, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.